IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**OTHA JENNINGS**, §
§
Plaintiff, §
§ Civil Action No. **3:07-CV-0539-L**
v. §
§
**CONTRACT CONSULTANTS, INC.**, §
§
Defendant. §

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Dismiss; Alternatively, Motion to Transfer Venue, filed September 26, 2007. After carefully considering the motion, response, reply, record, and applicable law, the court **denies** Defendant's Motion to Dismiss; Alternatively, Motion to Transfer Venue.

### I. Factual and Procedural Background

Plaintiff Otha Jennings ("Plaintiff" or "Jennings") filed her Original Complaint against Defendant Contract Consultants, Inc. ("Defendant" or "CCI") on March 26, 2007, alleging violation of Title VII, 42 U.S.C. § 2000e *et seq.*, for the termination of her employment due to race discrimination. Compl. ¶¶ 6.01-6.04. On September 7, 2007, two summons were issued by the clerk of the court, one directed to CCI, "by and through its attorney of record, Todd H. Girshon," and one directed to CCI, "by and through its registered agent for service of process, Julienne Moore, 604 Merrill, Bedford, TX 76022." No return of service for either summons is noted on the docket sheet.

Defendant CCI now moves to dismiss Plaintiff's complaint pursuant to Rules 12(b)(3), 12(b)(5), and 4(m) of the Federal Rules of Civil Procedure. CCI argues that it was never properly

**Memorandum Opinion and Order – Page 1**

served, and argues in the alternative that the court should transfer this case to the Fort Worth division of the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).

## II. Analysis

### A. Service

Defendant argues that it has not been properly served and that the court should dismiss Plaintiff's complaint or quash service pursuant to Rules 12(b)(5) and 4(m) of the Federal Rules of Civil Procedure. CCI contends that dismissal is appropriate because Plaintiff did not serve it within 120 days of filing her complaint, as required by Rule 4(m), and that she has failed to show good cause for extending this deadline.

Plaintiff responds that CCI has been properly served because she sent the summons and complaint to CCI's employment counsel. She argues that CCI has actual notice of her claim because it has appeared in this case. She contends that the court may extend the deadline for service, and that it should because Defendant has not suffered any prejudice from the delay in service.

The court determines that Plaintiff has failed to properly serve Defendant, but that it is clear that CCI has actual notice of this lawsuit. Service upon Defendant's attorney, even in light of a letter from him directing written communications to him, does not comply with the Federal Rules of Civil Procedure or state law. *Ransom v. Brennan*, 437 F.2d 513, 518-19 (5th Cir.), *cert. denied* 403 U.S. 904 (1971).

The court also concludes that Plaintiff failed to effect service within 120 days of filing her complaint. Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, *shall dismiss* the action without prejudice as to that defendant *or direct that*

> *service be effected within a specified time*; provided that if the plaintiff shows good cause for the failure, the court *shall extend* the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added). District courts are "accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'" *Henderson v. United States*, 517 U.S. 654, 662 (1996) (citing Advisory Committee's Notes). Stated another way, "[c]omplaints are not to be dismissed if served within 120 days, *or within such additional time as the court may allow*." *Id*. at 663 (emphasis added). As aptly stated by the Fifth Circuit, "[i]f good cause is present, the district court *must* extend time for service. If good cause does not exist, the court *may,* in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir.1996) (emphasis in original). Accordingly, the court determines that Rule 4(m) does not require dismissal of Jennings's complaint and requires this court to extend time for service if it determines good cause exists for Plaintiff's delay.

Plaintiff has not demonstrated that good cause exists for the delay in service. While Jennings attempts to argue that somehow Defendant has attempted to evade service, she also argues that Defendant will suffer no prejudice if the court extends the deadline for service. The court finds her attempt to blame Defendant unavailing, but does determine that dismissing Plaintiff's case at this point would elevate procedure over substance. Accordingly, the court hereby **extends** Plaintiff's deadline to serve Defendant until **May 8, 2008**. Plaintiff's failure to properly serve CCI or obtain a waiver of service by that date will result in dismissal of her complaint without prejudice.

### B. Venue

Next the court considers Defendant's request to transfer this case to the Fort Worth Division of the Northern District of Texas. CCI contends that: all allegedly discriminatory decisions were

made in Tarrant County; all relevant records are maintained in Tarrant County; Plaintiff worked in Tarrant County; Defendant's principal office is in Tarrant County; Plaintiff resides in Tarrant County; Defendant has no office in Dallas County; the principal witnesses reside in Tarrant County; and the Fort Worth Division is a proper venue for this action. Defendant argues that transfer is proper pursuant to section 1404(a). Plaintiff opposes transfer and argues that the section 1404(a) factors support denying Defendant's motion to transfer.

With respect to section 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a). In applying section 1404(a), a district court is to first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir.), *cert. denied*, 540 U.S. 1049 (2003)). Once this initial determination is made, a district court

> turn[s] to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice." The determination of "convenience" turns on a number of private and public interest factors, none of which [is] given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*In re Volkswagen AG*, 371 F.3d at 203 (citations omitted).

There is no question that the events giving rise to this lawsuit occurred in the Northern District of Texas, which encompasses the Forth Worth and Dallas Divisions, as well as five other divisions. *See* 28 U.S.C. § 124(a)(1)-(7). It is without cavil that venue is appropriate in this *judicial district*, the Northern District of Texas. Moreover, the parties do not dispute that the Fort Worth Division is a *division* in which Plaintiff's action or claims could have been brought originally; indeed, it would be fatuous to contend otherwise. The question that must be resolved is whether an intradistrict transfer should occur from the Dallas Division to the Fort Worth Division.[1]

Transfer of venue pursuant to 28 U.S.C. § 1404(a) is at the discretion of the court, considering "'[a]ll relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847 at 370 (1986)). The moving party bears the burden of demonstrating that a change of venue is warranted. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966); *Carlile v. Continental Airlines, Inc.*, 953 F. Supp. 169, 170 (S.D. Tex.1997).

A plaintiff's choice of forum is entitled to some deference and generally should not be disturbed unless the balance of factors strongly favors the moving party, *see Houston Trial Reports, Inc., v. LRP Publ'ns, Inc.*, 85 F. Supp. 2d 663, 667 (S.D. Tex.1999); however, a court may not attribute "decisive weight" to a plaintiff's choice of forum. A "[p]laintiff's choice of forum is clearly a factor to be considered but in and of itself is neither conclusive nor determinative." *In re Horseshoe Entm't*, 337 F.3d at 434. Having determined that this action could have been originally

---

[1]The Dallas Division consists of the counties of Dallas, Ellis, Hunt, Johnson, Kaufman, Navarro, and Rockwall. The Fort Worth Division consists of the counties of Comanche, Erath, Hood, Jack, Palo Pinto, Parker, Tarrant, and Wise. 28 U.S.C. § 124(a)(1), (2).

filed in the Fort Worth Division, the court now considers the eight factors to determine whether it should be transferred to that division.

The court has considered all eight factors, and it is clear to this court that the only factor that favors a transfer to the Fort Worth Division is the one that relates to local interests. The citizens of Dallas County or the Dallas Division have little or no relation to, or interest in, litigation involving citizens of Tarrant County or the Fort Worth Division. The remaining factors, however, are either neutral or do not strongly favor a transfer to the Fort Worth Division. Defendant's motion relates to an intradistrict transfer – from the Dallas Division to the Fort Worth Division. These federal courthouses are fewer than 35 miles apart, and Bedford – the city where the alleged discrimination took place, where the relevant documents are located, and where most of the witnesses work – lies between Dallas and Fort Worth.[2] This is not a situation where the cities are several hundred miles apart. When the cities are closely located, as are Dallas and Fort Worth, the convenience factor usually becomes less important. For example, if the requested transfer involved Lubbock and Dallas, or Lubbock and Forth Worth (distances that exceed three hundred miles), and all or most of the parties and witnesses live in one city or live much closer to one city, the convenience factor plays a much more important role. Moreover, this is a situation in which the parties and expected witnesses are subject to the subpoena process under Rule 45(b)(2) of the Federal Rules of Civil Procedure, as all reside within the Dallas and Fort Worth Divisions of the Northern District of Texas.

---

[2]For this reason, the court distinguishes this case from the result it reached in *Green v. Burlington Northern and Santa Fe Railway Co.*, 2006 WL 154329 (N.D. Tex. Jan. 19, 2006), where the alleged discrimination occurred in Fort Worth, and the plaintiff lived in Fort Worth. This case is more akin to *Ayala v. Americredit Financial Services, Inc.*, Civil Action No. 3:07-CV-1004-L, in which the alleged discrimination occurred in Arlington, between Dallas and Fort Worth.

**Memorandum Opinion and Order – Page 6**

That this case remains in Dallas does not inconvenience the witnesses and parties to the degree that a transfer to the Fort Worth Division is justified. Defendant has not established that retaining this case in Dallas will inconvenience the parties and witnesses. CCI has not shown that the witnesses or parties will be inconvenienced by traveling farther to Dallas for trial, or by incurring more expenses or loss of time by attending a trial in Dallas. Even if the parties and witnesses were to be slightly more inconvenienced by a trial in Dallas, such inconvenience is not of the magnitude that justifies a transfer. The point is best exemplified by the following:

> This case is not being consigned to the wastelands of Siberia or some remote, distant area of the Continental United States. The minor inconvenience Exxon may suffer in having to litigate this case in Tyler – only 203 miles distant – rather than in Houston, can in no rational way support the notion of abuse of discretion.

*Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988).[3] If a distance of 203 miles is considered to be a "minor inconvenience," this court cannot fathom that requiring the parties and witnesses to travel to Dallas for trial, rather than Fort Worth, would in any way be an abuse of discretion on its part. Accordingly, the court **denies** CCI's request to transfer this case to the Fort Worth Division.

## III. Conclusion

For the reasons set forth herein, the court determines that service has not been effected and hereby **extends** the deadline for Plaintiff to serve Defendant until **May 8, 2008**. The court cannot say that the witnesses and parties are inconvenienced in any material way if the case remains in Dallas. CCI has failed to establish that a transfer from the Dallas Division to the Fort Worth

---

[3] Although Defendant tries to distinguish itself as a small company operating from one suite from a large corporation such as Exxon, the court still finds the reasoning in *Jarvis* applicable to this case.

Division is warranted under 28 U.S.C. § 1404(a). Accordingly, the court **denies** Defendant's Motion to Dismiss; Alternatively, Motion to Transfer Venue.

**It is so ordered** this 8th day of April, 2008.

                                         Sam A. Lindsay
                                         United States District Judge